UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| ALSCO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:08-CV-56 |
| v. ) | *Lee* |
| ) | |
| DRAMATIC HEALTHCARE ) | |
| SERVICES , LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On June 22, 2009, the Court issued a memorandum and order granting the motion of Plaintiff Alsco, Inc. for a summary judgment against Defendant Dramatic Healthcare Service, LLC in this diversity action for breach of contract [Doc. 33]. The Court's June 22, 2008 memorandum and order resolved all aspects of Plaintiff's claims against Defendant except for the amount of reasonable attorney's fees and expenses Plaintiff was entitled to recover from Defendant. The Court directed Plaintiff to file an affidavit setting forth the claimed expenses and attorney's fees, including "the number of hours of attorney time sought, the hourly rate of compensation for which attorney time is sought, the reasonableness of the fees, and the qualifications of the attorneys for which compensation is sought," within ten days of the entry of the Court's memorandum and order [*Id.* at 15]. The memorandum and order further provided that Defendant's objections, if any, to Plaintiff's evidence regarding the attorney's fees and expenses sought would be due no later than ten days after Plaintiff filed its affidavit.

Thereafter, on June 23, 2009, Plaintiff filed the affidavit of its counsel in this litigation,

Donald W. Strickland ("Strickland") [Doc. 34]. Attached as Exhibit A to the affidavit, Plaintiff filed a review statement of its attorney's fees and expenses incurred in connection with this litigation [Doc. 34-1 at 1], including relevant copies of the billing statements of Strickland's firm, Grant, Konvalinka & Harrison, P.C. ("GKH") [Doc. 34 at 1, ¶ 4 & 34-1 at 2-31]. Based upon Strickland's affidavit [Doc. 34 at 2, ¶ 5] and the review statement of fees and expenses [Doc. 34-1 at 1], the amount of attorney's fees and expenses Plaintiff seeks from Defendant through June 12, 2009, are $15,434.75 and $484.09, respectively, for a total of $15, 918.84 [Doc. 34 at 2, ¶ 5 & 34-1 at 1].[1] Defendant has not filed a timely response, and thus has waived any objection to the Plaintiff's claim.

Having thoroughly reviewed the evidence submitted by Plaintiff – Strickland's affidavit, the review statement of fees and expenses, and the GKH billing statements, the Court finds the fees and expenses sought by Plaintiff – particularly the number of hours and the hourly rate of compensation for attorney, accountant and paralegal time sought – are reasonable given the qualifications of the attorney and the results achieved by Plaintiff in this litigation. In reaching this conclusion the Court considered not only the ample evidence submitted by Plaintiff, but also that, despite being afforded an opportunity to do so, Defendant did not file a response objecting to any aspect of the evidence submitted by Plaintiff or the amount of attorney's fees and expenses sought by Plaintiff.

Accordingly, based upon the Court's findings in its memorandum and order [Doc. 33] and the evidence subsequently submitted by Plaintiff, the Court finds that Plaintiff is entitled to recover from Defendant attorney's fees and expenses of $15,434.75 and $484.09, respectively, for a total of $15,918.84.

---

[1] In his affidavit, Strickland indicated the $484.09 in expenses includes: (1) the filing fee of $350.00 and (2) the fee for service of process of $45.00 [Doc. 34 at 2 n.1]. Strickland's affidavit also indicates Plaintiff will not file a separate application seeking costs from Defendant [*id.*].

**Conclusion**

For the reasons set forth in detail above, Plaintiff shall recover its reasonable attorney's fees and expenses in the amount of $15,918.84 from Defendant.

A separate order of judgment will enter.

SO ORDERED.

ENTER:

                                                s/*Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE