UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| ALSCO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:08-CV-56 |
| v. | ) | *Lee* |
| | ) | |
| DRAMATIC HEALTHCARE | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is the motion of Alsco, Inc., ("Plaintiff") to disburse funds held by garnishee Skyline Medical Center that are subject to a writ of garnishment [Doc. 48]. Plaintiff was awarded judgment against Dramatic Healthcare Services, LLC ("Defendant") in the amount of (1) $350,000, plus interest at the rate of 12% per annum, on an unpaid promissory note ("Note"), (2) $145,022.53, plus interest at the rate of 10% per annum, for services provided to Defendant, and (3) $15,918.84 in attorney's fees and expenses [Doc. 36]. Plaintiff applied for and was granted a writ of garnishment, which was served on Skyline Medical Center on October 2, 2009 [Doc. 38, 44]. Skyline Medical Center filed an answer on October 9, 2009, averring it is in possession of property described as accounts payable and outstanding invoices valued at $50,700 in which Defendant has a nonexempt interest [Doc. 47]. Defendant has not responded or otherwise objected to the writ of garnishment.

Proceedings in the execution of a judgment must accord with the procedure of the state in which the district court is located, pursuant to Fed. R. Civ. P. 69(a)(1). Plaintiff's motion requests that Skyline Medical Center be ordered to disburse the property in its control to the Clerk of Court,

and that the Clerk disburse the property to Plaintiff after 15 days have elapsed. Under Tennessee law, however, it is not necessary that the garnishee deposit accounts receivable and outstanding invoices with the court. Instead, when it appears to the court that the garnishee has control of Defendant's nonexempt property, other than money or wages, the court may order transfer of that property to the judgment creditor. *See* Tenn. Code Ann. 26-2-206; Tenn. R. Civ. P. 69.05(3).

The Court finds that Skyline Medical Center is in possession of property in which the Defendant has a nonexempt interest.[1] Accordingly, Plaintiff's motion to disburse is **GRANTED** and Skyline Medical Center is hereby **ORDERED** to disburse property in which Defendant has a nonexempt interest, identified by Skyline Medical Center as accounts payable and outstanding invoices valued at $50,700, directly to Plaintiff Alsco, Inc., c/o attorney Donald W. Strickland, Grant, Konvalinka & Harrison, P.C., 633 Chestnut Street, 9th Floor, Republic Center, Chattanooga, Tennessee 37402.

SO ORDERED.

ENTER:

                                            s/*Susan K. Lee*
                                            SUSAN K. LEE
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] In Tennessee, a garnishee's answer is "not conclusive" to establish that the Defendant has a nonexempt interest in property held by the garnishee. Tenn. Code Ann. 26-2-205. Nevertheless, Skyline Medical Center's averment is sufficient to do so here because Defendant did not respond or otherwise object to the writ of garnishment. *See* Tenn. R. Civ. P. 69.05(3) (requiring garnishee to mail a copy of the writ of garnishment to the judgment debtor).